## BAY *v.* MERRILL & RING LOGGING COMPANY.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 165. Argued January 30, 31, 1917.—Decided March 6, 1917.

Upon a state of facts not substantially different from those presented in *McCluskey* v. *Marysville & Northern Railway Co., ante,* 36, *Held,* that the defendant in error in hauling its logs from its own timberlands over its own railroad to tidewater (origin, destination and transit all being in the same State) for sale to others who subse-

quently disposed of them or their manufactured products partly in other States, was not engaged in interstate or foreign commerce, and that the injuries suffered by the plaintiff while loading logs upon one of defendant's cars were therefore not remediable under the Federal Employers' Liability Act.

220 Fed. Rep. 295, affirmed.

THE case is stated in the opinion.

*Mr. John T. Casey,* with whom *Mr. George F. Hannan* and *Mr. Chas. R. Pierce* were on the briefs, for plaintiff in error.

*Mr. E. C. Hughes,* with whom *Mr. Maurice McMicken, Mr. Otto B. Rupp* and *Mr. H. J. Ramsey* were on the brief, for defendant in error.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

This case is controlled by the decision in *McCluskey v. Marysville & Northern Railway Company,* just decided, *ante,* 36. As in that case, the suit was brought under the Federal Employers' Liability Act to recover damages for injuries suffered while Bay, the plaintiff in error, was employed by the defendant on its logging railroad. The accident which gave rise to his injuries occurred while he was engaged in loading on a flat car on defendant's timber land, logs which had been cut for carriage on the railroad to tidewater at Puget Sound. The case was tried by the same court which heard the *McCluskey Case,* there was a directed verdict for the defendant on the ground that the company was not engaged in interstate or foreign commerce when the accident occurred and the judgment thereupon entered dismissing the suit was affirmed by the court below on the authority of the *McCluskey Case.* 220 Fed. Rep. 295.

The facts were thus stated by the court below:

"The Logging Company owned extensive tracts of timber in Snohomish County, Washington, and was engaged solely in cutting logs on its own lands and hauling them over its own road to the waters of Puget Sound, where it dumped them from the cars into a boom. At that point it sold the logs to purchasers who paid for them there, and there took possession of them and towed them away by tugs. The most of the logs were sold to near-by mills on the Sound, which were engaged in the manufacture of lumber, and this lumber, when manufactured, was for the most part ultimately disposed of and shipped to points outside of the State of Washington. In addition to these transactions in logs, the Logging Company had at times taken out some poles, which also it sold and delivered at its boom to the National Pole Company, a purchaser which did business at Everett, and which bought and paid for the poles after they were delivered in the water, and thereafter sold them for shipment to California. The road is a standard gauge logging railroad, and is operated as a part of the logging business of the defendant in error, and is connected by switches with the Great Northern and the Interurban roads; but those connections are used only for the purpose of bringing supplies to the company's logging camps. No logs or timber of any kind were at any time transferred to these other roads. One shipment of steel rails had gone over the logging road for the Interurban at the time when the latter was constructing its road. For that service the actual expense of operating the locomotive was the only charge made, and the Interurban assumed all liability on account of accidents occurring in the transportation."

As these facts are not substantially different from those presented in the *McCluskey Case*, it follows that the reasoning and authorities by which the court below sustained its ruling in that case also demonstrate the correctness of its

conclusion that in this case at the time the injuries were suffered the defendant was not engaged in interstate or foreign commerce.

*Affirmed.*