## PHILADELPHIA & READING RAILWAY COMPANY v. HANCOCK.

### ERROR AND CERTIORARI TO THE SUPREME COURT OF THE STATE OF PENNSYLVANIA.

No. 415.  Argued March 2, 1920.—Decided June 1, 1920.

Cars of coal destined beyond the State, as shown by memoranda delivered to the conductor at the mine, were moving from the mine to a yard, where they were to be gathered into a train and thence moved some miles to a weighing station, there to be weighed and billed to specific consignees in another State, the freight charges to be assessed and paid from mine to consignee. *Held*, in applying the Federal Employers' Liability Act, that the first movement was part of an interstate movement.  P. 286.

264 Pa. St. 220, reversed.

The case is stated in the opinion.

*Mr. George Gowen Parry* for plaintiff in error and petitioner.

*Mr. Hannis Taylor* for defendant in error and respondent.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

The judgment below affirmed an award for respondent under the Workmen's Compensation Act of Pennsylvania, granted because of the death of her husband from an accident while in the petitioner's employ as a trainman.

After a writ of error had been sued out we allowed a writ of certiorari. The former must be dismissed; the case is properly here upon the latter.

If, when the accident occurred, the husband was employed in commerce between States the challenged judgment must be reversed. And he was so employed if any of the cars in his train contained interstate freight. Employers' Liability Act, April 22, 1908, c. 149, 35 Stat. 65; *St. Louis, San Francisco & Texas Ry. Co.* v. *Seale*, 229 U. S. 156, 161; *New York Central & Hudson River R. R. Co.* v. *Carr*, 238 U. S. 260; *New York Central R. R. Co.* v. *Winfield*, 244 U. S. 147; *New York Central R. R. Co.* v. *Porter*, 249 U. S. 168; *Southern Pacific Company* v. *Industrial Accident Commission*, 251 U. S. 259.

The essential facts are not in controversy; the nature of the employment, therefore, is a question of law.

The duties of the deceased never took him out of Pennsylvania; they related solely to transporting coal from the mines. When injured he belonged to a crew operating a train of loaded cars from Locust Gap Colliery to Locust Summit Yard, two miles away. The ultimate destination of some of these cars was outside of Pennsylvania. This appeared from instruction cards or memoranda delivered to the conductor by the shipping clerk at the mine. Each of these referred to a particular car by number and contained certain code letters indicating that such car with its load would move beyond the State.

Pursuing the ordinary course these cars were hauled to

Locust Summit Yard and placed upon appropriate tracks; there the duties of the first crew in respect of them terminated. Later, having gathered them into a train, another crew moved them some ten miles to Shamokin Scales where they were inspected, weighed and billed to specifically designated consignees in another State. In due time they passed to their final destinations over proper lines. Freight charges at through rates were assessed and paid for the entire distance beginning at the mine.

Respondent maintains that the coal in cars ticketed for transportation as above described did not become part of interstate commerce until such cars reached Shamokin Scales and were there weighed and billed. But we think former opinions of this court require the contrary conclusion. The coal was in the course of transportation to another State when the cars left the mine. There was no interruption of the movement; it always continued towards points as originally intended. The determining circumstance is that the shipment was but a step in the transportation of the coal to real and ultimate destinations in another State. *Coe* v. *Errol*, 116 U. S. 517; *Railroad Commission of Ohio* v. *Worthington*, 225 U. S. 101, 108; *Texas & New Orleans R. R. Co.* v. *Sabine Tram Co.*, 227 U. S. 111, 124, 126; *Railroad Commission of Louisiana* v. *Texas & Pacific Ry. Co.*, 229 U. S. 336, 341; *Baer Brothers Mercantile Co.* v. *Denver & Rio Grande R. R. Co.*, 233 U. S. 479.

The judgment of the court below is reversed and the cause remanded for further proceedings not inconsistent with this opinion.                          *Reversed.*


Mr. Justice Clarke dissents.