Before STATE INDUSTRIAL BOARD, Respondent.

JOSEPH SCELFO, Respondent, v. BUFFALO, ROCHESTER AND PITTS-
BURGH RAILWAY COMPANY, Appellant.

Third Department, January 7, 1925.

**Workmen's compensation — interstate commerce — claimant was injured while removing cinders deposited by locomotives, some of which were used in interstate commerce — claimant was employed in interstate commerce.**

The claimant who was employed by the defendant, a common carrier engaged both in interstate and intrastate commerce, as an engine fire cleaner and who was injured while helping to dump cinder buckets, was engaged in interstate commerce at the time of the accident, since it appears that the buckets were filled with cinders taken from locomotives, some of which were engaged in interstate commerce.

APPEAL by the defendant, Buffalo, Rochester and Pittsburgh Railway Company, from an award of the State Industrial Board, made on the 19th day of September, 1923.

*Havens, Mann, Strang & Whipple* [*Charles W. Green* of counsel], for the appellant.

*Carl Sherman, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondent.

VAN KIRK, J.:

We are to discuss the liability of an employer, a common carrier, a steam railroad company, engaged in both interstate and intra-state commerce, to its employee who was an engine fire cleaner and when injured was helping to dump cinder buckets. While attaching the hook of a crane into the handle of a bucket, his

foot slipped; in consequence he threw out his right hand, which was caught between the pulley and the cable causing him serious injuries. At Lincoln Park, N. Y., where the accident happened, the employer has a track in its yard, between the rails of which is a trench; in this trench are placed cinder buckets; when an engine comes in it is run onto this track, its fire box is cleaned and its contents dumped in the cinder buckets. These buckets are cleaned twice a day; they are raised, carried and dumped into cars on an adjoining track by means of a traveling crane. The ashes and cinders so dumped are then carried away; generally they are placed wherever needed for use along the employer's tracks and roadbed.

The question presented is whether or not the service being rendered by claimant when injured was a service in interstate commerce.

It hardly needs stating that, if the employment is within the Federal Employers' Liability Act (35 U. S. Stat. at Large, 65, chap. 149, as amd. by 36 id. 291, chap. 143), compensation under the New York State Workmen's Compensation Law cannot be had. This Federal act applies only if the employee of the carrier, doing both kinds of commerce, is working in interstate commerce at the time of the injury; it is immaterial whether the employee had been immediately before, or was to be immediately after, engaged in commerce between States. (*Chicago, B. & Q. R. R.* v. *Harrington,* 241 U. S. 177.) The true test of liability under the Federal act is: "Is the work in question a part of the interstate commerce in which the carrier is engaged?" (*Pedersen* v. *D., L. & W. R. R. Co.,* 229 U. S. 146); or, as expressed in the *Harrington Case* (*supra*): "Was the employee at the time of the injury engaged in interstate transportation or in work so closely related to it as to be practically a part of it?" The cases deal with three kinds of instrumentalities of commerce used by a common carrier: (1) Movables, as implements, tools and vehicles; (2) supplies, as coal and sand; (3) the plant and its fixtures. (*Philadelphia & Reading R. Co.* v. *Hancock,* 253 U. S. 284, 285; *Minneapolis & St. Louis R. R. Co.* v. *Winters,* 242 id. 353; *Chicago, B. & Q. R. R.* v. *Harrington,* 241 id. 177; *Erie R. R. Co.* v. *Szary,* 253 id. 86; *Southern R. Co.* v. *Puckett,* 244 id. 571; *Pedersen* v. *D., L. & W. R. R. Co.,* 229 id. 146; *Erie R. R. Co.* v. *Collins,* 253 id. 77; *Roush* v. *Baltimore & O. R. Co.,* 243 Fed. 712; *Grybowski* v. *Erie R. R. Co.,* 88 N. J. Law, 1.)

In this case we have to consider an employee working in or on the plant. In *Erie R. R. Co.* v. *Szary* (253 U. S. 86) the employee, Szary, was employed drying sand in stoves in a building near the track and supplying it to locomotives engaged in both kinds of

commerce. He had sanded an engine about nine o'clock, removed the ashes from the stove and carried them to the ashpit. He emptied the pail and left it on the ground while he went to get a drink of water; while returning for the pail and crossing the track he was hit by an engine. The court declined to make distinctions between the acts of service and held that he was engaged in interstate commerce, saying the acts of service were too intimately related to, and too necessary for, the final purpose to be distinguished in legal character. In *Southern R. Co.* v. *Puckett* (244 U. S. 571) a wreck had occurred in the yard; while carrying blocks to jack up a car to release an employee who had been caught under the wreck and to clear the tracks, Puckett stumbled and was injured. It was said, " the object of clearing the tracks entered inseparably into the purpose of jacking up the car, and gave the operation the character of interstate commerce." Also an employee, who was carrying bolts to be used in repairing the railroad line and was injured while so doing, was engaged in interstate commerce. (*Pedersen* v. *D., L. & W. R. R. Co.*, 229 U. S. 146.) A man working in a signal tower and controlling switches is engaged in interstate commerce; as is one operating a pumping station, which consisted of a water tank and a gasoline engine used to supply water to the carrier's engines whether at the time engaged in interstate or intrastate commerce. (*Erie R. R. Co.* v. *Collins*, 253 U. S. 77; *Roush* v. *Baltimore & O. R. Co.*, 243 Fed. 712.) *Grybowski* v. *Erie R. R. Co.* (88 N. J. Law, 1) is a case in its facts quite identical with the instant case. The deceased employee was a fire cleaner and was just coming out of an ashpit under the tracks when a locomotive, backing on the track, killed him. The court says: " The proofs show that the ashpit was a part of the plant of the defendant company, that it was a necessary part of that plant, and that it was used both in interstate and intrastate commerce. The keeping of it clean, and thereby maintaining its effectiveness, was required equally for both kinds of commerce, just as the keeping in repair of tracks or bridges which are used for both kinds of commerce is a necessary incident to each of them." It was held, under the *Pedersen Case* (*supra*), that the deceased was at the time of his injury engaged in interstate commerce. The *Grybowski* case on appeal to the Court of Errors and Appeals was affirmed for the reasons expressed in the opinion in the court below. (89 N. J. Law, 361.)

The ash buckets in the trench, when overfilled, would obstruct traffic. To keep this track clear was necessary to the operation of the engines. The injured employee, while dumping the buckets, was clearing the track, was maintaining the effectiveness of the

carrier's plant and was facilitating interstate transportation on his employer's road. The employee when injured was engaged in commerce between the States.

The award should be reversed and the claim dismissed.

All concur.

Award reversed and claim dismissed, with costs against the State Industrial Board. _____