## Kordic v. The Pennsylvania Railroad Co.

*Abraham Fishkin*, for claimant.

*Dalzell, McFall & Pringle*, for defendant.

PATTERSON, J., December 31, 1942.—This is an appeal from the Workmen's Compensation Board. Claimant is the widow of Vasel Kordic, a boilermaker employed by the Pennsylvania Railroad Company, who met his death while at work October 16, 1940, in the Kiskiminetas Junction Yards of defendant company. The compensation referee awarded the widow compensation. On appeal the Compensation Board reversed the referee on the legal ground that the Federal Employers' Liability Act controlled defendant's liability. From

the board's disposition of the case an appeal has been taken to this court and is before us for disposition. The parties have entered into a stipulation setting forth the facts, so the only question involved is one of law: Niblett v. Pennsylvania Railroad Co., 146 Pa. Superior Ct. 587, 590; Miller v. Lehigh Valley Railroad Co., 138 Pa. Superior Ct. 8, 10; Velia v. Reading Co., 124 Pa. Superior Ct. 199, 202; Phila. & Reading Railroad Co. v. Hancock, 253 U. S. 284, 285.

The essential stipulated facts follow:

Defendant railroad is a common carrier, at least two thirds of whose business is in interstate commerce. The Kiskiminetas Junction Yards is a classification point at which through and local trains are assembled. On October 16, 1940, decedent was the only boilermaker on duty in the yards. He began work at 8 a.m. His first task was the inspection of ash pans and front ends of locomotives, one a yard shifter, the other an engine brought in from Blairsville, a short distance from the yards. He later inspected Engine 7271, which came in on passenger train no. 6800 and went out drawing passenger train no. 6789. Both trains handled passengers in both intrastate and interstate traffic and likewise transported United States mail and express matter moving in interstate commerce.

At about 12:30 p.m. a piece of equipment known as a "ditcher" was brought in on a flat car to have the boiler washed, and Kordic was assigned the work. The "ditcher" is yard equipment but is used out on the right-of-way for repair work, ditching the sides of the tracks, loading scrap and miscellaneous matter. It is occasionally used to transfer loads in the yards or to load material lost from cars enroute.

The day was clear and dry. At about 2:10 p.m. the foreman saw Kordic, the decedent, at work on the "ditcher". The foreman walked to the storehouse, stopped to talk to a machinist and returned to where the "ditcher" was located. There he saw decedent lying

between the tracks beside a gondola car, to which a flat car carrying the "ditcher" was attached. Across his body lay the ladder he had used. He had a slight cut over his right eye and the right lens of his spectacles was broken. A physician was called and pronounced him dead.

Under the Federal Employers' Liability Act prior to August 11, 1939, the carrier engaged in interstate commerce became liable for injury to an employe sustained while he was employed by such carrier in such commerce. The established rule under that statute was that the status of the injured employe was determined by the work he was actually performing at the time: Nicholas v. Reading Co., 147 Pa. Superior Ct. 308, 313.

So tested, it might well be that claimant's decedent was not within the Federal statute but fell under The Workmen's Compensation Act as one engaged in intrastate commerce at the time of injury. This situation, however, gave rise to that class of cases where an employe might be serving both interstate and intrastate transportation at the time of injury in such manner that the two were not separable: Elder v. Pennsylvania Railroad Co., 118 Pa. Superior Ct. 137, 143. To avoid this confusing segregation of duties by moments of time, the amendment to the Federal Employers' Liability Act of August 11, 1939, 53 Stat. at L. 1404, 45 U. S. C. §51, was adopted. It adds the following provision to section 1 of the statute:

"Any employee of a carrier, any part of whose duties as such employee shall be the furtherance of interstate or foreign commerce; or shall, in any way directly or closely and substantially, affect such commerce as above set forth shall, for the purposes of this chapter, . . . be considered as entitled to the benefits of this chapter."

Applying this enactment to the case at bar leaves no doubt that claimant's decedent must be considered as

entitled (as the statute puts it) "to the benefit of this Chapter". The congressional committee which formulated this statute makes this clear in its comment on the amendment in submitting its report:

"This amendment is intended to broaden the scope of the Employers' Liability Act so as to include within its provisions employees of common carriers who, while ordinarily engaged in the transportation of interstate commerce, may be, at the time of injury, temporarily divorced therefrom and engaged in intrastate operations."

While discussions in committee are not part of the law, yet explanatory statements of members in presenting a bill for passage have been held to be a legitimate aid to the interpretation of the statute: Duplex Printing Press Co. v. Deering et al., 254 U. S. 443, 475. The comment above quoted is, inter alia, contained in the opinion of the California Supreme Court in Southern Pacific R. R. v. Industrial Accident Commission (1941), 120 P.(2d) 880, 884. The case is one in many respects analogous to the case at bar. The claimant sustained an eye injury and the California Supreme Court held the Federal statute to apply and also that the statute was constitutional.

We are of opinion that the question of law raised by the stipulated facts must be resolved against claimant and the appeal from the Workmen's Compensation Board dismissed.

*Order of court*

And now, to wit, December 31, 1942, the within appeal having been heard in open court, upon argument of counsel, and upon consideration thereof, it is ordered and directed that the appeal from the Workmen's Compensation Board be and it hereby is dismissed, and it is further ordered that judgment be entered for defendant.