Elisha **EDWARDS**, Appellant,

v.

**PACIFIC FRUIT EXPRESS COMPANY,**
Appellee.

No. 21020.

United States Court of Appeals Ninth Circuit.

May 10, 1967.

Jack H. Werchick, Arne Werchick, Werchick & Werchick, San Francisco, Cal., for appellant.

Alan C. Furth, John J. Corrigan, Donald O. Roy, Corrigan & Roy, San Francisco, Cal., for appellee.

Before CHAMBERS, HAMLEY and MERRILL, Circuit Judges.

PER CURIAM:

This is an appeal from a district court determination that Pacific Fruit Express Company (P. F. E.) is not a "common carrier by railroad." Appellant, an injured P. F. E. employee, claims that P. F. E. is such a common carrier. At stake is appellant's attempt to proceed under the Federal Employers' Liability Act, 45 U.S.C. § 51, et seq.

P. F. E. is a large refrigerator car company. It owns approximately 25,000 refrigerator cars and carries about 28% of all refrigerated goods moving by rail. P. F. E. deals directly with the shipper and, among other activities, maintains a service by which it keeps the shipper posted as to the whereabouts of its goods in transit, thus allowing the shipper to order goods diverted from one destination to another.

In asking this court to decide that P. F. E. is a "common carrier by railroad," appellant necessarily asks that we overrule the case of Gaulden v. Southern Pac. Co., 78 F.Supp. 651 (N.D.Calif.), aff'd 174 F.2d 1022, which construed the term narrowly to exclude refrigerator car companies.* Were the slate clean, we might well be convinced by appellant's argument for a broader definition, but,

---

* *Gaulden,* supra, has been followed in Hetman v. Fruit Growers Express Co., 3 Cir., 346 F.2d 947; Moleton v. Union Pacific R.R. Co., 118 Utah 107, 219 P.2d 1080, cert. denied, 340 U.S. 932, 71 S.Ct. 495, 95 L.Ed. 672; Aguirre v. Southern Pacific Co., 232 Cal.App.2d 636, 43 Cal. Rptr. 73.

as it is not, we choose to follow the unanimous line of authority and affirm. We note that since *Gaulden,* supra, was decided in 1949, Congress has not acted to bring refrigerator car company employees under F. E. L. A. protection.