Mildred A. PICKNEY, Personal Representative of Joe Pickney, Deceased, Plaintiff-Appellant,

v.

ORO,DAM CONSTRUCTORS, etc., et al., Defendants-Appellees.

No. 24467.

United States Court of Appeals, Ninth Circuit.

April 30, 1971.

Rehearing Denied June 4, 1971.

Dee B. Tanner, Los Angeles, Cal., for plaintiff-appellant.

Johnson, Davies & Greve, Sacramento, Cal., for defendants-appellees.

Before CHAMBERS and TRASK, Circuit Judges, and FREY,* District Judge.

FREY, District Judge:

Appellants are here complaining of the judgment of the trial court dismissing the complaint following a preliminary hearing pursuant to Rule 12(d), Rules of Civil Procedure. The trial court dismissed on finding lack of jurisdiction of the Federal District Court.

Appellants, plaintiffs below, filed an action invoking federal jurisdiction by alleging a claim for wrongful death under Federal Employer's Liability Act, 45 U.S.C.A. § 51. The defendants denied applicability of F.E.L.A. The purpose of the preliminary hearing was to determine the applicability of F.E.L.A. The husband-father of plaintiffs had been killed in a head-on train collision while he was operating a railroad engine pulling a trainload of earth material for defendant Oro Dam Constructors. Decedent's engine was struck by a train of empty cars which was returning from a similar haul.

There is no conflict in the evidence that decedent was employed by defendant Oro Dam Constructors, that Oro Dam Constructors was a construction combine or joint venture engaged in building Oroville Dam across the Feather River near Oroville, California, that defendant Western Pacific Railroad had no supervision or control or direction of any sort over decedent; all of the track, equipment and area involved were under the exclusive jurisdiction, supervision and control of defendant Oro Dam Constructors; and that Western Pacific never exercised any direct or indirect supervision, control or direction over any of the operations or employees of Oro Dam Constructors.

The facts relied on by appellants to substantiate their claim of jurisdiction in the Federal District Court via F.E.L.A. are that Western Pacific Railroad is and was a common carrier by railroad in interstate commerce, that the track on which the collision occurred was once a part of the Western Pacific system, that Western Pacific retained certain rights to furnish common carrier service over the track from its Zepher terminal to the dam site and also retained certain other rights with respect to the track in question.

Plaintiffs also contend that freight cars assigned to Oro Dam Constructors and others involved in the dam construction had on occasion been moved by Oro Dam Constructors from Zepher, the Western Pacific terminal point, to the dam site. The evidence simply did not show that Oro Dam Constructors had in fact ever moved any freight for others over the track in question. However, even conceding arguendo that Oro Dam Constructors had on occasion moved freight from Zepher to the dam site, there was absolutely no evidence that it had engaged in any such activity for or on behalf of Western Pacific or as a common carrier; nor was it doing so at the time of Pickney's death.

The evidence is uncontradicted that all the track in question was abandoned by Western Pacific as an integral part of its system pursuant to a track relocation agreement which was part of the Oro Dam construction program. It is also clear that Western Pacific retained a right to furnish common carrier service over the old track to the dam site along with certain other rights. However, it is undisputed that Western Pacific had no obligation or duty to furnish such service, did not do so, and no such service was ever requested. In short, West-

* Honorable William C. Frey, United States District Judge, Tucson, Arizona, sitting by designation.

ern Pacific never exercised any of the rights which it reserved and there was no obligation to do so; no freight was ever consigned beyond Zepher and Western Pacific never delivered or directed the delivery of anything beyond Zepher. All of Western Pacific's common carrier activities terminated at Zepher.

■ To come within the scope of coverage under F.E.L.A., the following elements must be present:

(1) The employee must be employed by a common carrier by railroad, as the term used in the F.E.L.A. means "one who operates a railroad as a means of carrying for the public—that is to say, a railroad company acting as a common carrier." Edwards v. Pacific Fruit Express Company, 390 U.S. 538, 539, 541, 88 S.Ct. 1239, 1240, 20 L.Ed.2d 112 (1968) citing Wells Fargo & Co. v. Taylor, 254 U.S. 175, 187–188, 41 S.Ct. 93, 98, 65 L.Ed. 205.

The railroad maintained and operated by the defendant Oro Dam Constructors clearly is not a common carrier based on the reasoning and test of Lone Star Steel Company v. McGee, 380 F.2d 640 (5 Cir. 1967), and Ciaccio v. New Orleans Public Belt Railroad, 285 F.Supp. 373 (D.C.1968) and cases cited therein with facts similar to this case.

(2) The common carrier by railroad must be engaged in interstate commerce. Washington Railway & Electric Co. v. Scala, 244 U.S. 630, 37 S.Ct. 654, 61 L. Ed. 1360 (1917); Philadelphia & Reading Railway Company v. Hancock, 253 U.S. 284, 40 S.Ct. 512, 64 L.Ed. 907 (1920); McCluskey v. Marysville and N. R. Co., 243 U.S. 36, 37 S.Ct. 374, 61 L. Ed. 578 (1917); Bay v. Merrill & Ring Logging Co., 243 U.S. 40, 37 S.Ct. 376, 61 L.Ed. 580 (1917).

(3) An employee of a common carrier by railroad, any part of whose duties as such employee shall be the furtherance of interstate or foreign commerce, or shall in any way directly or closely and substantially affect such commerce. Southern Pacific Company v. Gileo, 351 U.S. 493, 76 S.Ct. 952, 100 L.Ed. 1357 (1956); Reed v. Pennsylvania Railroad Company, 351 U.S. 502, 76 S.Ct. 958, 100 L.Ed. 1366.

Plaintiffs' case fails to meet any one of the tests or criteria, much less all of them.

■ Plaintiffs' attempts to construe the evidence in this case so as to bring it within F.E.L.A., must fail. The facts simply do not lend themselves to a proper conclusion of applicability of F.E.L.A. The trial court's findings of fact are supported by substantial evidence and will not be overturned on appeal. Zenith Radio v. Hazeltine Research, Inc., 395 U.S. 100, 89 S.Ct. 1562, 23 L.Ed.2d 129 (1969); Soderhamn Machine Manufacturing Company v. Martin Bros. Container & Timber Products Corp., 415 F. 2d 1058 (9 Cir. 1969), citing the Zenith case; Vessella v. United States, 405 F. 2d 599 (4 Cir. 1969). The decedent's employer (Oro Dam Constructors) simply was not at any time engaged in any activity which could classify it as a common carrier by railroad in interstate commerce, nor was Oro Dam Constructors doing anything at the time of Pickney's death which directly or indirectly was in furtherance of interstate commerce or which in any way affected interstate commerce so as to bring this case within the scope of 45 U.S.C.A., Sec. 51.

The District Court was correct in dismissing plaintiffs' action; that judgment is affirmed.