**Mrs. Madge BROOKS, Plaintiff-Appellant and Cross-Appellee,**

**v.**

**SOUTHWESTERN TRANSPORTATION COMPANY and St. Louis Southwestern Railway Company, Defendants-Appellees and Cross-Appellants.**

**Nos. 73-1771 and 73-1772.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 12, 1974.

Decided April 9, 1974.

W. J. Michael Cody, Memphis, Tenn., for plaintiff-appellant; John S. Porter, Burch, Porter & Johnson, Memphis, Tenn., on brief.

Robert M. Johnson, Memphis, Tenn., for defendants-appellees; Canada, Russell & Turner, Memphis, Tenn., on brief.

Before PHILLIPS, Chief Judge, and WEICK and MILLER, Circuit Judges.

PER CURIAM.

In the District Court plaintiff, Mrs. Madge Brooks, individually and as Administrator of the estate of her deceased husband, James H. Brooks, sued St. Louis Southwestern Railway Company (Railroad) and its wholly-owned subsidiary, Southwestern Transportation Company (Trucking Company), asserting a claim for damages under the Federal Employer's Liability Act (45 U.S.C. § 51) for personal injuries to and the death of her husband, occasioned when a tractor trailer owned by Trucking Company, rolled over him during the course of his duties as one of its employees. In the alternative she sued Trucking Company for benefits under the Tennessee Workmen's Compensation Act (T.C.A. 50–901 et seq.).

The District Court granted motions for summary judgment filed by both defendants, holding that as a matter of law the Federal Employer's Liability

Act was applicable only to railroad employees, and dismissed the complaint under the Act, but rendered judgment against Trucking Company for the alternative claim for Workmen's Compensation benefits. Plaintiff appealed. We affirm.

The decedent had been employed as a hostler by Trucking Company at its Memphis truck terminal, for more than twenty-six years. On the day of the accident he was inspecting the tires on a tractor-trailer unit when a fellow employee of Trucking Company started the unit and the trailer ran over him.

The trailer, which contained clothing shipped from Sulphur Springs, Texas, on Trucking Company's waybill, was bound for Nashville, Tennessee. The decedent was inspecting the tires on the trailer before turning over the trailer to another trucking company, Midwest Transports, for travel to Nashville, inasmuch as Trucking Company's authority did not extend beyond Memphis.

It was the theory of the plaintiff that because Railroad owned all of the stock of Trucking Company, had some common officers, made advancements to it, held funds for it, guaranteed indemnity bonds required by the Interstate Commerce Commission, received dividends from Trucking Company in yearly amounts totaling $100,000 to $2,000,000, and because Trucking Company performed certain services for Railroad under contract for which Trucking Company received compensation, it (Trucking Company) was the alter ego of Railroad, and that the Court should pierce the corporate shield and hold that Brooks was really an employee of Railroad.

At the time of the accident the decedent was performing duties solely for Trucking Company. He never performed any service for Railroad.

The Act provides in pertinent part:

Every common carrier by railroad . . . shall be liable in damages to any person suffering injury while he is employed by such carrier . . . .

The Trucking Company is not a Railroad.

Decedent not only was not employed by Railroad, but never did any work for it.

The Supreme Court has held that the Act covers only railroad employees and not other employees, although they were engaged in interstate transportation, working for other masters. Robinson v. Baltimore & Ohio R. R., 237 U.S. 84, 35 S.Ct. 491, 59 L.Ed. 849 (1915).

The Court has even held that employees of wholly-owned subsidiaries of a railroad are not covered by the Act. Edwards v. Pacific Fruit Express Co., 390 U.S. 538, 88 S.Ct. 1239, 20 L.Ed.2d 112 (1968); Southern Pac. Co. v. Jensen, 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed 1086 (1917). In *Southern Pacific* the Court considered the legislative history of the Act which then had been in effect for more than sixty years and the Congressional rejection of attempts to broaden its coverage to include employees of other masters.

Recently the Ninth Circuit, in Kelley v. Southern Pac. Co., 486 F.2d 1084 (9th Cir. 1973), considered a relationship between a railroad and its wholly-owned subsidiary trucking company which was very similar to that in the present case. The Court, in an opinion written for the Court by Circuit Judge Hastie, sitting by designation, held that the railroad was not liable for personal injuries sustained by a trucking company's employee while unloading automobiles from the railroad's tri-level flat car.

We can find no basis for piercing the corporate shield. Trucking Company had substantial assets. It was engaged in a lawful business regulated by the Interstate Commerce Commission. There was no fraud, deceit or misrepresentation present.

The protective appeal filed by Railroad in case No. 73–1772 is hereby dismissed.

Affirmed.