951 F.2d 1259
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Terry KEIZOR, as Personal Representative of the Estate of
Billie Lee Keizor, Plaintiff-Appellant,
v.
SHEFFIELD STEEL COMPANY, Defendant-Appellee.
 No. 91-5043.
 United States Court of Appeals, Tenth Circuit.
 Jan. 6, 1992.
 
 1
 Before LOGAN and BARRETT, Circuit Judges, and PATRICK F. KELLY,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 PATRICK F. KELLY, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, Appellant's request for oral argument is denied, and the case is ordered submitted without oral argument.
 
 
 5
 Plaintiff Terry Keizor, personal representative of the estate of Billie Lee Keizor, appeals the district court's Order granting summary judgment in favor of Defendant Sheffield Steel. The only issue presented on appeal is whether a dispute of material fact exists as to whether Defendant is a common carrier by railroad under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51.
 
 
 6
 The decedent, an employee of Defendant, died in an accident while attempting to couple two railroad cars on Defendant's plant property. Plaintiff brought this action claiming Defendant is a common carrier by railroad and therefore subject to liability for decedent's death. The district court granted Defendant's motion for summary judgment concluding that Plaintiff had failed to establish that Defendant was a common carrier by railroad as defined by the FELA.
 
 
 7
 Defendant, a steel manufacturing plant in Sand Springs, Oklahoma, is owned by HMK of Oklahoma, Inc., a holding company wholly owned by HMK Enterprises Inc., in turn owned by the Karol family. In addition, HMK of Oklahoma owns Sand Springs Railway Company (SSR), a "short haul" common carrier which runs between Sand Springs, Oklahoma, site of Defendant's plant, and Tulsa, Oklahoma. Apparently because of the common ownership, Defendant and SSR have several corporate officers in common.
 
 
 8
 Defendant and SSR operate pursuant to a Transportation Agreement whereby SSR agrees to transport Defendant's steel products from its Sand Springs plant to Tulsa at reasonable rates. Appendix to Appellant's Br. at A-91. Defendant is only one of a number of customers for whom SSR transports goods.
 
 
 9
 In addition to the rail services provided by SSR, Defendant also maintains an in-plant rail system consisting of two railcars and two switch engines. This equipment, and the personnel operating the in-plant system, have no connection to, or interaction with, SSR. The accident in which decedent was fatally injured involved two of the in-plant railcars owned by Defendant. Neither SSR personnel or equipment were involved in the accident.
 
 
 10
 We review a grant of summary judgment de novo applying the same legal standard used by the district court under Fed.R.Civ.P. 56(c). Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990) (citing Barnson v. United States, 816 F.2d 549, 552 (10th Cir.), cert. denied, 484 U.S. 896 (1987), and Osgood v. State Farm Mut. Auto. Ins. Co., 848 F.2d 141, 143 (10th Cir.1988)). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law," Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991), but we must review the record in a light most favorable to the nonmoving party, Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991).
 
 
 11
 The FELA, 45 U.S.C. § 51, states in relevant part:
 
 
 12
 Every common carrier by railroad while engaging in commerce between any of the several States or Territories, ... shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative ... for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier....
 
 
 13
 Further, the statute defines "common carrier" as including "the receiver or receivers or other persons or corporations charged with the duty of the management and operation of the business of a common carrier." 45 U.S.C. § 57. In determining that Defendant is not a common carrier as intended by the statute, the district court relied on the four considerations set forth in Lone Star Steel Co. v. McGee, 380 F.2d 640, 647 (5th Cir.), cert. denied, 389 U.S. 977 (1967), as:
 
 
 14
 First--actual performance of rail service, second--the service being performed is part of the total rail service contracted for by a member of the public, third--the entity is performing as part of a system of interstate rail transportation by virtue of common ownership between itself and a railroad or by a contractual relationship with a railroad, and hence such entity is deemed to be holding itself out to the public, and fourth--remuneration for the services performed is received in some manner, such as a fixed charge from a railroad or by a percent of the profits from a railroad.
 
 
 15
 In this case, the district court held that Defendant did not meet the first and fourth prongs of the Lone Star "test."
 
 
 16
 In Lone Star, the court referred to these factors as "considerations ... of prime importance in determining whether a particular entity is a common carrier." Id. In Sullivan v. Scoular Grain Co. of Utah, 930 F.2d 798, 801 (10th Cir.1991), we held that the characterization of the criteria as "considerations" in the Lone Star decision should be read literally, opining that, although the criteria may provide guidance for the court, we place more emphasis on the statutory interpretation of the Supreme Court in Wells Fargo & Co. v. Taylor, 254 U.S. 175 (1920), and Edwards v. Pacific Fruit Express Co., 390 U.S. 538 (1968). See also Kieronski v. Wyandotte Terminal R.R., 806 F.2d 107, 108 (6th Cir.1986) (Lone Star considerations should not be applied as a test, but only as "considerations for a court to keep in mind when determining whether a carrier is a 'common carrier' "). Consequently, in determining whether the district court correctly denied common carrier status to Defendant, we turn to the Supreme Court's interpreting definition.
 
 
 17
 The Supreme Court stated that "the words 'common carrier by railroad,' as used in the act, mean one who operates a railroad as a means of carrying for the public,--that is to say, a railroad company acting as a common carrier." Wells Fargo, 254 U.S. at 187. In Pacific Fruit, the Court discussed Congress' reluctance to broaden the scope of what constitutes a common carrier in its 1939 amendments to the FELA. "By refusing to broaden the meaning of railroads, Congress declined to extend the coverage of the Act to activities and facilities intimately associated with the business of common carrier by railroad." Pacific Fruit, 390 U.S. at 541.
 
 
 18
 It appears to be undisputed that Defendant and SSR have common ownership and corporate officers. However, it appears equally clear that Defendant is only one of several customers being served by SSR; that Defendant pays for SSR's services; and, that there is no intermingling of rail personnel or equipment between Defendant and SSR. "[T]he Court in Wells Fargo held [that] an express company that neither owns or operates a railroad but uses and pays for rail transportation is not a common carrier within the scope of the Act." Scoular Grain, 930 F.2d at 800 (citing Wells Fargo, 254 U.S. at 188).
 
 
 19
 In conclusion, while disagreeing with the district court's exclusive reliance upon the Lone Star criteria as the ultimate "test" of an entity's qualification for common carrier status, we agree that in considering the criteria of Lone Star, Defendant has failed to meet the requirements of actually performing rail services for the public or receiving remuneration for those services. Defendant is not a common carrier by railroad, and Plaintiff cannot maintain a cause of action against Defendant under the FELA. Therefore, we conclude the district court's grant of summary judgment to Defendant was proper.
 
 
 20
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable Patrick F. Kelly, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3