**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J, and BOGGS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**November 5, 2015**

# In the Court of Appeals of Georgia

A15A1586. DIXON v. CSX INTERMODAL TERMINALS, INC.    DO-078

DOYLE, Chief Judge.

Earnest Dixon sued CSX Intermodal Terminals, Inc. ("CSXIT"), seeking to recover damages under the Federal Employee Liability Act ("the FELA") for injuries he suffered when he fell from a railcar while unloading it. The trial court granted summary judgment to CSXIT, finding that Dixon could not recover because CSXIT was not a common carrier under the FELA. Dixon appeals that ruling, and we affirm for the reasons that follow.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable

conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

The facts in this case are undisputed. Dixon filed a negligence action under the FELA against CSXIT, his employer, alleging that he was injured when he fell off of a railcar while attempting to unlock an inter-box connector (a device used to secure containers on a railcar).[2] CSXIT moved for summary judgment, and the trial court granted the motion, concluding that

> the FELA only applies to "common carriers by railroad. . . . CSXIT, an intermodal terminal services company that does not offer rail carriage (or the rail portion of intermodal transportation) to the public or otherwise, cannot be transformed into a "common carrier by railroad" merely because it works with and is owned by the same corporate parent as a railroad. The evidence before this [c]ourt clearly establishes that

---

[1] (Punctuation omitted.) Goss *v. Ala. Great Southern R.*, 279 Ga. App. 720, 721 (632 SE2d 479) (2006), quoting *Hall v. Norfolk Southern R. Co.*, 258 Ga. App. 712, 712-713 (574 SE2d 902) (2002).

[2] Following the incident, Dixon received over $162,000 in worker's compensation benefits. According to the trial court's order, Dixon subsequently filed a FELA action against CSX Transportation, Inc. ("CSXT"), but later dismissed that case. He then filed the instant FELA case against both CSXT and CSXIT, but later dropped CSXT, leaving CSXIT as the sole defendant.

CSXIT is not, and does not operate, a railroad. Accordingly, it is not a "common carrier by railroad" for purposes of the FELA.[3]

On appeal, Dixon contends that the trial court erred by concluding that the FELA does not apply to his claims against CSXIT. We disagree.

45 U.S.C. § 51 provides in relevant part:

*Every common carrier by railroad* while engaging in [interstate or foreign commerce] shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, . . . for such injury . . . resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.[4]

The statute does not define the term "common carrier by railroad." The United States Supreme Court has held that

---

[3] The trial court relied upon *Edwards v. Pacific Fruit Express Co.*, 390 U. S. 538, 540-542 (88 SCt 123, 920 LE2d 112) (1968) (holding that the FELA does not cover employees of a company that maintained, leased, and serviced refrigerated railroad cars for the shipment of perishable items even though those services are "intimately associated" with the business of a railway company).

[4] (Emphasis supplied.)

the words *"common carrier by railroad,"* as used in the act, mean *one who operates a railroad as a means of carrying for the public* – that is to say, *a railroad company acting as a common carrier*. This view not only is in accord with the ordinary acceptation of the words, but is enforced by the [statute's] mention of cars, engines, track, roadbed, and other property pertaining to a going railroad.[5]

The Tenth Circuit has further explained that "the fundamental inquiry" under *Wells Fargo* is whether the defendant "operate[s] a going railroad that carries for the public."[6] Indeed, "there exist a number of activities and facilities which, while used in conjunction with railroads and closely related to railroading, are yet not railroading itself."[7]

To determine whether the FELA applies to Dixon's claims against CSXIT, we must examine the business and operations of CSXIT. CSX, a public company, has multiple wholly owned subsidiaries, including CSXT and CSXIT, which are "separate, distinct[,] and wholly independent corporations." CSXT is a railroad.

---

[5] (Emphasis supplied.) *Wells Fargo & Co. v. Taylor*, 254 U. S. 175, 187 (3) (41 SCt 93, 65 LEd 205) (1920) (holding that an express company is not a common carrier by railroad). See also *Edwards*, 390 U. S. at 539.

[6] (Punctuation omitted.) *Smith v. Rail Link, Inc.*, 697 F3d 1304, 1308 (II) (A) (10th Cir. 2012).

[7] *Edwards*, 390 U. S. at 540.

"CSXIT is not a railroad," and it "has never been authorized to operate as a railroad common carrier." Instead,

> CSXIT is in the business of providing motor carrier and transloading services. Transloading services involve the movement of shipping containers between rail cars and trucking chassis[] and moving trailers onto and off of flatbed railcars. . . . CSXIT does not provide transportation by rail of either passengers or freight and does not construct railroad lines or operate trains. At no time has CSXIT provided any railroad transportation services or point-to-point transportation by rail. . . . CSXIT does not own rail cars, locomotives, rail lines, or line of road[] and does not have any right of way by rail. CSXIT does not transport anything along railroad lines. CSXIT does not employ locomotive engineers, conductors[,] or any other traditional railroad employees.

"CSXIT does not engage in rail yard switching operations," which involve "the taking apart, moving[,] and reconnecting of rail cars, engines[,] and locomotives to form trains." Instead, a separate railroad company moves the train into the terminal. Once CSXIT employees begin loading and unloading the containers, no train is permitted to enter the terminal; a flag warning system and biomechanical "derailer" ensure compliance with this prohibition. Only after the containers are loaded and unloaded,

and with CSXIT's permission, is the railroad permitted to enter the terminal, connect the railcars to a locomotive, and move the train.

The United States Supreme Court, when examining the legislative history of the FELA, explained that "[i]n 1939[,] Congress substantially amended [the FELA]. . . . By refusing to broaden the meaning of railroads, Congress declined to extend the coverage of the Act to activities and facilities intimately associated with the business of common carrier by railroad."[8] No court has ever concluded that transloading services such as those performed by CSXIT in this case constitute railway transportation under the FELA. And in cases filed against CSXIT's former parent company, CSX Intermodal ("CSXI"), district courts have concluded that the defendant was not a railroad subject to the FELA.[9]

---

[8] *Edwards*, 390 U. S. at 541.

[9] See *Williams v. CSX Transp., Inc.*, No. Civ. A. 01-3433 (II) (b) (2) (a) (E.D. Pa. Nov. 15, 2002) (concluding that CSXI was not a common carrier by railroad within the meaning of the FELA because "CSXI does not operate locomotives or rail transportation in its daily business operations [but] rather . . . is a broker of transportation with a trucking division that transports freight to and from rail terminals") (punctuation omitted); *Brankin v. CSX Transp., Inc.*, No. 94 C 4926 (N.D. Ill. Oct. 28, 1996) ("CSXI, standing alone, is not a common carrier railroad within the meaning of the FELA").

Here, although CSXIT's employees perform tasks related to the railroad business at a rail terminal, given the facts presented in this case, CSXIT is not itself a common carrier by railroad within the meaning of the FELA. Accordingly, the trial court did not err by granting summary judgment to CSXIT.

*Judgment affirmed. Phipps, P. J., and Boggs, J., concur.*