**Herman P. WHITE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 12036.**

United States Court of Appeals Fourth Circuit.

Argued April 3, 1968.

Decided July 17, 1968.

---

James L. Sanderlin, Norfolk, Va. (Sidney H. Kelsey, Norfolk, Va., on the brief), for appellant.

Walter B. Martin, Jr., Norfolk, Va. (Charles F. Tucker and Vandeventer, Black, Meredith & Martin, Norfolk, Va., on the brief), for appellee.

Before BRYAN, WINTER and BUTZNER, Circuit Judges.

PER CURIAM:

In a suit by a shipyard employee against a naval vessel undergoing repairs, brought under 46 U.S.C. § 781 et seq., for alleged personal injuries, the district judge concluded that, because the ship had been withdrawn from navigation, no warranties of seaworthiness were extended to plaintiff; hence, he could not recover for unseaworthiness. The district judge also concluded that

recovery against the United States could not be granted on any theory of negligence because there was no obligation on the part of the United States to provide plaintiff with a safe place to work, and the United States was not guilty of any other negligence which was the proximate cause of plaintiff's injuries. Because of our decision in Van Horn v. Gulf Atlantic Towing Corporation, 388 F.2d 636 (4 Cir. 1968), rendered subsequent to decision by the district judge, we vacate the judgment for defendant and remand the case for further proceedings.

Plaintiff was painfully burned when his pants leg caught fire as he was waiting with metal sheet in hand while a fellow-workman used a carbon-arc cutting torch to cut away a metal upright flange in order to permit plaintiff to install the metal sheet. The torch spewed sparks generally throughout the work area. There was evidence, although conflicting, that the fire may have resulted from oil in the bilge becoming ignited. There was also evidence that defendant assumed the duty of providing a firewatch, and further evidence that there may have been an insufficient firewatch, or a firewatch lacking proper equipment, or that plaintiff may have been required to perform other duties, immediately prior to his required presence at the cutting operation, which caused his trousers to become oil-soaked, and that plaintiff was not afforded an opportunity to change or clean his clothing.

■■ In *Van Horn* we held, contrary to the views of the district judge in this case, that a shipowner who delivers his vessel to drydock is required to exercise due care under all the circumstances to provide a reasonably safe place to work for those who foreseeably will come aboard to service the vessel. We rejected the argument that the shipowner's lack of control immunized it from breach of the duty as a matter of law; we read West v. United States, 361 U.S. 118, 80 S.Ct. 189, 4 L.Ed.2d 161 (1959), on which the district judge relied, as limited to instances in which the work of repair created the unsafe condition. In the case at bar, if there were an insufficient firewatch, or a firewatch lacking proper equipment, or if, at the time it entered the drydock, the ship were in a dirty, oily condition so that plaintiff's clothes became oil-soaked as a result of his other duties, we cannot say that as a matter of law the work of repair created the unsafe condition.

■ We agree with the district judge that there was no warranty of seaworthiness to plaintiff because the ship was withdrawn from navigation. *Van Horn,* supra. We find that the record amply supports the finding of the district judge that *at the point of accident* there was no appreciable or dangerous accumulation of oil, so that this theory of negligence is no longer available to plaintiff as a basis for recovery. Unanswered, however, on this record, by the findings of the district judge or by uncontroverted evidence, is whether the defendant failed to provide plaintiff with a safe place to work by omissions in providing a firewatch or a firewatch properly equipped, or a ship in such condition that plaintiff's clothing became oil-soaked in the performance of other duties which he could foreseeably be expected to perform without the opportunity to change or clean his clothing.

We vacate the judgment, and remand the case for findings, and an appropriate judgment, on the points still in issue. The district judge shall proceed on the present record, supplemented by additional proof if, in his discretion, he shall conclude to require or to accept it.

Judgment vacated and case remanded.