Peter J. VESSELLA, Appellant,

v.

UNITED STATES of America, Appellee.

No. 12461.

United States Court of Appeals Fourth Circuit.

Argued Oct. 30, 1968.

Decided Jan. 16, 1969.

Israel Steingold, Norfolk, Va. (Steingold, Steingold & Chovitz, Norfolk, Va., on brief) for appellant.

Charles F. Tucker, Norfolk, Va. (Vandeventer, Black, Meredith & Martin, Norfolk, Va., on brief) for appellee.

Before CRAVEN and BUTZNER, Circuit Judges, and McMILLAN, District Judge.

BUTZNER, Circuit Judge:

Peter J. Vessella, a marine electrician employed by Norfolk Shipbuilding & Drydock Corporation, appeals a judgment of the district court denying his claim against the United States, owner of the U.S.S. LUZERNE COUNTY, for injuries sustained while performing work on board the ship. Vessella based his claim on the unseaworthiness of the ship, and, alternatively, on the negligence of the owner in not providing a safe place to work. We affirm the district court's judgment for the United States.

The U.S.S. LUZERNE COUNTY was brought to the shipyard for repairs and overhaul that cost $184,824 and required approximately 63 days. Twice the ship was drydocked. Most of the work was done while it was moored alongside a shipyard pier. Power, light, and water were provided by the yard. The contract included the removal, repair, and reinstallation of the starboard main engine, all generators, diesel service engines, and bow ramp and doors; the repair of the port engine, all communication systems, radar navigational equipment, and radio gear. Access holes were cut in the deck above the generator room to facilitate removal of this equipment. A hole approximately six feet square was cut in the tank deck to allow removal from the ship of the main engine's reduction gear for repairs. Although the officers and crew remained aboard, none participated in the work contracted to the shipyard.

At the time Vessella was injured he was installing a communications cable in a ladderway passage running from the engine room to the main deck. Because the passage was narrow and the work difficult to reach, Vessella stood with one foot on the ladder and one foot on a steel I-beam about four inches wide. When a sailor or a shipyard worker used the ladder, Vessella found it necessary to shift both feet to the I-beam. After the person who had interrupted his work passed, he would resume his straddling position. The accident occurred just after a sailor climbed the ladder. As Vessella replaced his foot on the ladder, he slipped and fell approximately 20 feet.

The district court, sitting without a jury, found "That the nature of the entire overhaul being performed in the shipyard was not such as is normally done by the regular crew of a vessel." This finding is amply supported by the record and is binding on us under Fed.R. Civ.P. 52. Since Vessella was not performing the type of work tradi-

tionally done by a ship's crew, the warranty of seaworthiness did not extend to him.[1]

■ Vessella alternatively claims that the United States negligently permitted sailors to use the passageway where he worked without taking precautions to see that oil and grease were not tracked on the ladder. Quite properly, the district court held that a shipowner who delivers his vessel to a shipyard is required to exercise due care to provide a reasonably safe place to work for those who come aboard to service the vessel. Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625, 629, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959); White v. United States, 400 F.2d 74 (4th Cir. 1968); Van Horn v. Gulf Atlantic Towing Corp., 388 F.2d 636 (4th Cir. 1968). The district court concluded, however, that Vessella failed to prove that the government breached its duty. As a result of tearing down the engines, oil and grease were spread on the deck of the main engine room. This is usual when a ship's machinery is overhauled. Also, it is not unusual for grease to be tracked from the engine room during an overhaul. These hazards, created by the shipyard's work, do not provide a basis for holding the shipowner negligent. West v. United States, 361 U.S. 118, 123, 80 S.Ct. 189, 4 L.Ed.2d 161 (1959); White v. United States, 400 F.2d 74, 76 (4th Cir. 1968). Although the crew did not participate in the work done by the shipyard, they regularly cleaned the ship to remove hazards created by the shipyard workers, and there is no proof that they failed to discharge this duty with reasonable diligence.

■ Vessella contended that he slipped because the rungs of the ladder were greasy, but he admitted at the trial that he saw no grease either before or after the accident. Furthermore, he introduced no other testimony that the ladder from which he fell was greasy. Significantly, when he reported the accident shortly after it occurred, he did not mention that he slipped because of grease. Thus, the evidence did not establish that the sailor who used the ladder before Vessella fell tracked grease on it. But even if it be assumed that he tracked undetected grease, this does not show that the efforts of the ship's officers and crew to keep the vessel clean were inadequate. We agree with the district judge that Vessella failed to prove that the shipowner was negligent.

Judgment affirmed.

1. United N.Y. & N.J.S.H. Pilots' Ass'n v. Halecki, 358 U.S. 613, 79 S.Ct. 517, 3 L.Ed.2d 541 (1959); McQuaid v. United States, 337 F.2d 483 (3rd Cir. 1964).

See generally McCown v. Humble Oil & Refining Co., 405 F.2d 596 (4th Cir. 1968), decided today.