## ERIE R. CO. v. MARGUE.

Circuit Court of Appeals, Sixth Circuit.
January 6, 1928.

No. 4781.

Master and servant· ⬅︎100(1)—Railroad's employment of construction company to maintain tracks and comply with state Workmen's Compensation Law held ineffective to relieve railroad from liability (45 USCA §§ 51–59).

Contract by which railroad company employed a construction company, with its own employees, to maintain its tracks, roadway, and structures, requiring the construction company to comply with the state Workmen's Compensation Law (Gen. Code Ohio, § 1465—37 et seq.), the cost to be paid by the railroad company, *held* ineffective to relieve the railroad company from operation of the Federal Employers' Liability Act (45 USCA §§ 51–59; Comp. St. §§ 8657–8665) with respect to injuries of workmen doing work, the duty of performing which rested upon it.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Action at law by Joe Margue against the Erie Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

B. D. Holt and E. A. Foote, both of Cleveland, Ohio (Cook, McGowan, Foote, Bushnell & Burgess, of Cleveland, Ohio, on the brief), for plaintiff in error.

Edward Lurie, of Cleveland, Ohio (Winch, Lurie, Addams & Burke, of Cleveland, Ohio, on the brief), for defendant in error.

Before DENISON and MOORMAN, Circuit Judges, and RAYMOND, District Judge.

MOORMAN, Circuit Judge. This suit was brought under the Employers' Liability Act (45 USCA §§ 51–59; Comp. St. §§ 8657–8665) for injuries which defendant in error, the plaintitff below, sustained while working on the railroad tracks of plaintiff in error, the defendant below. The defense was that plaintiff was an employee of an independent contractor, the Dixon Construction & Repair Company, it being admitted that, if he was employed by the defendant railroad company, his claim was properly founded on the federal act. The case turns on the effect of a contract between the railroad and construction companies.

Under the terms of the contract the construction company undertook, with its own employees, to maintain the tracks, roadway, and structures of the railroad company in Ohio. The latter company agreed to furnish to the construction company, without charge, the tools, camp cars, laborers' quarters, train equipment, work train service, and telegraph service needed for the work, to carry over its lines all needed materials and supplies, to pay for the labor and material used in the work, and to pay the construction company for its services 5 per cent. of the cost of the labor and material so used. The contract was to continue for one year, but either party could terminate it upon 30 days' notice. The rail-

road company could also terminate it, and take possession and control of the work upon 24 hours' notice, if in the judgment of its general manager such termination was desirable or in the interest of the company. The construction company was required to comply with the state Compensation Laws of Ohio (Gen. Code, § 1465—37 et seq.), and the railroad company agreed to pay to the construction company the cost of the insurance thereunder, and also all sums that it was required to pay, whether under such laws or not, on account of injury to or death of its employees.

Section 5 of the Employers' Liability Act (45 USCA § 55; Comp. St. § 8661) declares that "any contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this act, shall to that extent be void." This statute, in our opinion, applies to the contract under consideration. The only purpose there could have been, so far as we can see, for inserting into the contract the provision respecting the state Compensation Act, was to substitute the liabilities of that act for those that would have otherwise existed. The liability under the state statute is more certain than at common law or under the federal act, but, because of the smaller compensation given by the state act, it would be more economical, from the employer's standpoint, to operate under that act than under any other law, state or federal, that might be applicable. In these circumstances, we have no trouble in believing that the intent of this provision was to evade the force and effect of the federal act, as it was also, perhaps, the main purpose of the contract to evade other federal legislation and control.

This view is not inconsistent with Robinson v. B. & O. R. R. Co., 237 U. S. 84, 35 S. Ct. 491, 59 L. Ed. 849, Chicago, Rock Island & Pacific R. R. Co. v. Bond, 240 U. S. 449, 36 S. Ct. 403, 60 L. Ed. 735, and Wells Fargo Co. v. Taylor, 254 U. S. 175, 41 S. Ct. 93, 65 L. Ed. 205. It might well be argued that the duty of a railroad company to maintain its right of way, over which it and it alone operates its trains, cannot be delegated to another, so as to relieve the company of any part of its responsibility therefor—certainly, not as to the public which it serves, and perhaps not as to those who work upon its tracks. Whether that be so or not, that responsibility is quite a different thing from the services involved in the cases referred to—the loading or unloading of cars with coal at a terminus, or the performance of a special service, such

as express and sleeping car companies perform, and which the railroad itself is not legally bound to perform. The maintenance of defendant's railroad tracks was essential to the exercise of its franchise rights. It undertook to delegate that duty to a construction company, which was largely organized and controlled by its former employees. We think one of the purposes of its contract with the construction company was to avoid the liabilities of the Federal Employers' Liability Act.

Judgment affirmed.