Minnie TILSON, Administratrix of the Estate of Lynn S. Tilson, Deceased, Plaintiff,

v.

FORD MOTOR COMPANY, a Delaware Corporation, Defendant.

Civ. A. No. 8843.

United States District Court
E. D. Michigan, S. D.

April 20, 1955.

Rothe, Marston, Edwards & Bohn by Theodore R. Bohn, Detroit Mich., for plaintiff. Buell Doelle, Detroit, Mich. of counsel.

William T. Gossett, Dearborn, Mich., Duane D. Freese and Joseph A. O'Reilly, Dearborn, Mich., of counsel, for defendant.

THORNTON, District Judge.

The Court has before it defendant's motion for summary judgment on which oral argument has been presented by attorneys for both parties, and a substantial series of briefs and reply briefs submitted to the Court.

The complaint filed herein sets forth in paragraph 14 that the action is filed "under and pursuant to the provisions of Title 45, Chapter 2, Section 51 of the U.S.C.A., commonly referred to as the Federal Employer's Liability Act." In general, this is an action for personal injury suffered by the plaintiff's decedent (the decedent having commenced the action and the plaintiff administratrix having been substituted subsequent to his death in 1953) while he was employed as a brakeman in defendant's railroad yard located within its Rouge Plant area, Dearborn, Michigan. The complaint alleges that the negligence of the defendant caused the injuries sustained by decedent.

The defendant has moved for summary judgment in its favor "for the reason that defendant is not a common carrier by railroad and is not subject to the Federal Employers Liability Act (45 U.S. C.A. § 51) on which this action is based, that there is no genuine issue as to any material fact, and defendant, therefore, is entitled to judgment as a matter of law." Attached to the motion is the affidavit of Clifford C. Whiteford, Manager of the Transportation Department, Man-

ufacturing Services Division of the Ford Motor Company. Also included in the Court's consideration are depositions of Mr. Whiteford and Norman H. Pugh, a superintendent in the above mentioned Transportation Department of the Ford Motor Company, and the deposition of plaintiff's decedent, Lynn J. Tilson. The affidavit of Mr. Whiteford is the only affidavit filed herein (except for one filed in support of a motion for continuance), and the three depositions adverted to above represent the total number of depositions on file. There are no interrogatories on file.

The Federal Employers' Liability Act of 1908, 45 U.S.C.A. § 51, hereinafter referred to as "the Act" was amended in 1939 by the addition of the following paragraph:

> "Any employee of a carrier, any part of whose duties as such employee shall be the furtherance of interstate or foreign commerce; or shall, in any way directly or closely and substantially, affect such commerce as above set forth shall, for the purposes of this chapter, be considered as being employed by such carrier in such commerce and shall be considered as entitled to the benefits of this chapter."

Section 51 of the Act, therefore, consists of two paragraphs, whereas it previously had consisted of one. In the first paragraph, which creates the liability, it will be noted that the introductory words are "Every common carrier * * *." From that point on, whenever carrier is mentioned, it appears as "such carrier." Then when we reach the amendatory paragraph it commences with the words "Any employee of a carrier * * *." The word "carrier" appears only once more in the amendatory paragraph and it appears as "such carrier * * *." Plaintiff contends that the 1939 amendment broadened the scope of the Act to include any carrier whose duties should be in furtherance of interstate commerce. Plaintiff contends that the scope was broadened with respect to "carrier"—any "carrier" as compared

with "common carrier"—as well as with respect to the "interstate" character of the commerce.

A reading of section 51, second paragraph, clearly indicates legislative intent to include coverage for employees whose particular duties are in "furtherance" of interstate commerce, although they are not performed directly in interstate commerce. This is the obvious import of the amendment. Plaintiff wishes to have the amendment construed also as broadening the scope of the Act to include a carrier, whether it be a common carrier or not. To lend such construction to this amendment would require that the wording of the Act, both prior and subsequent to the amendment, be ignored. We would have to read out of the Act, as it now stands, the words "common carrier." Congress did not give such a command. Congress did broaden the scope of the character of interstate commerce to be considered as within the Act, but it did not specifically broaden the scope of the type of carrier so as to include private carrier. How can we, by judicial act, change that which Congress has seen fit to let remain unchanged by legislative inaction? Could not Congress have easily expressed its intention to include private carrier, rather than just common carrier, if that were in fact its intention? Could not Congress, in amending the Act, have deleted the word "common" in the first paragraph of the Act if it had intended the Act to apply to other than common carrier?

In her briefs, plaintiff has cited numerous cases to support her position that defendant need not be a common carrier to be liable under the Act. In not one of these cases is there a holding by the Court to this effect. Most of the cases are devoted exclusively to the issue whether or not the defendant was engaged in interstate commerce within the meaning of the Act. None of them even deals with the issue of being or not being a common carrier. Yet it is this issue on which defendant grounds its motion for summary judgment.

■ In the event that defendant herein is not a common carrier, and does not operate a common carrier, the F.E.L.A. has no application, and this Court does not have jurisdiction of this cause. Definitions of the word "common carrier" are legion. They invariably include the concept of one holding himself out to the public as engaged in the business of carrying persons or things for hire. The common carrier offers its services indiscriminately to the public for compensation. "A common carrier has been defined generally as one who holds himself out to the public as engaged in the business of transportation of persons or property from place to place for compensation, offering his services to the public generally. The distinctive characteristic of a common carrier is that he undertakes to carry for all people indifferently, and hence is regarded in some respects as a public servant. The dominant and controlling factor in determining the status of one as a common carrier is his public profession as to the service offered or performed." Kelly v. General Electric Co., D.C., 110 F.Supp. 4, 6.

■ In reading the affidavit (uncontroverted) and deposition of Clifford C. Whiteford and the deposition of Norman H. Pugh, it is clear that defendant is not a common carrier by railroad. Reference to the pleadings, depositions and the affidavit will reveal that the defendant conducts manufacturing, assembling and other operations in its Rouge Plant area, in Dearborn, Michigan, and that the operations of the railroad operated by it are confined entirely to the Rouge Plant area "with the single exception that it occasionally hauls sand owned by Ford Motor Company from the Company's sand storage yard, referred to as the 'sand gantry,' located on Company property about one-half mile from the Rouge Plant." (Affidavit of Whiteford, p. 2, para. 6). On page 4 of the affidavit appears paragraph 11, which reads as follows:

"Ford Motor Company does not hold itself out to furnish railroad service to the public and has no facilities for serving the public. The location of its railroad facilities is such that it cannot hold itself out to serve the public. Its operations are confined entirely to the Rouge Plant area, to which the public generally does not have access."

On page 63 of Mr. Whiteford's deposition appears the following question by counsel, and reply by Mr. Whiteford:

"Q. Does the Ford railroad serve anyone else besides the Ford Motor Company? A. No, sir."

From the pleadings, depositions and affidavit it appears that there is no genuine issue of fact as to whether the defendant is, or is not a common carrier by railroad. It is not a common carrier and does not come within the purview of the Act on which this action is predicated. We are not called upon to decide, nor do we decide the interstate character of the defendant railroad since the absence of common carrier status is dispositive of the issue. There being no genuine issue as to any material fact necessary for disposition of this motion, and the moving party being entitled to judgment as a matter of law, an order may be presented accordingly.