**Alberta F. DUFFY, Administratrix of the Estate of Joseph P. Duffy, Deceased, Plaintiff,**

v.

**ARMCO STEEL CORPORATION, A Corporation, Defendant.**

**Civ. A. No. 62–087.**

United States District Court
W. D. Pennsylvania.

Jan. 29, 1964.

See publication Words and Phrases for other judicial constructions and definitions.

John DeMay, McArdle, Harrington & McLaughlin, Pittsburgh, Pa., for plaintiff.

David B. Buerger, Charles C. Stilley, Buchanan, Ingersoll, Rodewald, Kyle & Buerger, Pittsburgh, Pa., for defendant.

WILLSON, District Judge.

This action was brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51, by Alberta F. Duffy as administratrix of the estate of her deceased husband, Joseph P. Duffy. The case is before the Court on a motion by defendant, Armco Steel Corporation, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

The complaint alleges that defendant is engaged in the business of operating a railroad in interstate commerce and that this Court has jurisdiction by virtue of the provisions of the Federal Employers' Liability Act and related Acts of Congress. It further alleges that plaintiff's decedent was working as a brakeman on one of defendant's train crews when an accident took place because of the negligence of defendant's employees which resulted in the death of plaintiff's decedent. In Paragraph 6 it is alleged that at the time of the accident plaintiff's decedent was employed by the defendant in the furtherance of interstate commerce or in activities which in some way directly or closely and substantially affect interstate commerce.

Defendant's motion is based on the contention that there is no jurisdiction under the Federal Employers' Liability Act for the reason that the defendant is not a common carrier by railroad. The averments of jurisdiction under the Federal Employers' Liability Act contained in the complaint are denied in defendant's answer. The parties have submitted briefs, affidavits, and depositions of officials of defendant company. From the depositions and affidavits it appears that defendant is engaged in the manufacture of steel products. Defendant owns and operates railroad equipment within its manufacturing plant in But-

ler County, Pennsylvania. This equipment is used to transport material and equipment from one place to another within the plant and to other plants of defendant located in the same area over leased rights of way. All inbound railroad cars containing material and equipment are delivered by the Bessemer & Lake Erie Railroad, a common carrier by railroad, to a track within the defendant's plant, and are then moved from place to place within the defendant's plant by use of the Defendant's locomotives. All outbound railroad cars containing material and equipment are moved from places within defendant's plant by use of its locomotives to a track within defendant's plant and are then moved to places outside the plant by the Bessemer & Lake Erie Railroad. None of such inbound or outbound railroad cars or the locomotives pulling such cars are owned by defendant.

The railroad equipment owned and operated by Armco has not been used to transport goods of others, nor has Armco offered their use to the public. Thus, it appears to a certainty that there is no genuine issue as to any material fact in this case. Defendant asserts, and the Court agrees, that defendant although operating in interstate commerce is not a common carrier by railroad. In fact the complaint does not aver that it is a common carrier by railroad. The averment is that plaintiff's decedent was " * * in the furtherance of interstate commerce * * * " at the time he was injured. The basis of the Court's jurisdiction, however, under Section 1 of the Federal Employers' Liability Act is that the defendant must be a common carrier by railroad as well as being engaged in interstate commerce. Section 1 of that Act says:

> "Every common carrier by railroad while engaging in commerce between any of the several States * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce * * * ".

See also Kelly v. General Electric Co., 110 F.Supp. 4 (E.D.Pa.1953), aff'd. 204 F.2d 692 (1953), cert. den. 346 U.S. 886, 74 S.Ct. 137, 98 L.Ed. 390 (1953); Tilson v. Ford Motor Company, 130 F.Supp. 676 (E.D.Mich.S.D.1955).

The defendant is entitled to judgment.