PATSY SPINOLA, Respondent, *v.* NEW YORK CENTRAL RAILROAD, Appellant.

Second Department, November 17, 1969.

*Jerome H. Shapiro, Thomas J. Smith* and *William F. McGinn* for appellant.

*Ferraro, Lombardi & DeCaro (Anthony J. Ferraro* of counsel), for respondent.

BRENNAN, J.  This is an action to recover damages for personal injuries sustained by the plaintiff in the course of his work as a mechanic in the employ of the defendant, a common carrier by railroad engaged in interstate commerce.  The action was brought under the Federal Employers' Liability Act (U. S. Code, tit. 45, § 51 *et seq.*).

After the commencement of the action the plaintiff made a motion, *inter alia,* for leave to add his wife as a party plaintiff and to allege a cause of action on her behalf for loss of consortium.  The appeal is from so much of the order as granted this branch of the motion.

The single question is whether the wife of the injured plaintiff in an action under the above-mentioned Federal statute may assert a cause of action for loss of consortium.  The plaintiff claims that such a cause of action is now sanctioned under *Millington* v. *Southeastern Elevator Co.* (22 N Y 2d 498).  The defendant asserts that the cited case is not controlling in an action under this Federal statute.

I agree with the defendant that *Millington* is inapplicable. The rights of action provided by the Federal Employers' Liability Act are exclusive (*New York Cent. & Hudson Riv. R. R. Co.* v. *Tonsellito,* 244 U. S. 360); that statute confers no cause of action for loss of consortium on the wife of an injured employee (*Jess* v. *Great Northern Ry. Co.,* 401 F. 2d 535; *Louis-*

*ville & Nashville R. R. Co.* v. *Lunsford,* 216 Ga. 289; *Kinney* v. *Southern Pacific Co.,* 232 Ore. 322; *cf. Smither & Co.* v. *Coles,* 242 F. 2d 220, cert. den. 354 U. S. 914; *Igneri* v. *Cie. de Transports Oceaniques,* 323 F. 2d 257, cert. den. 376 U. S. 949).

Accordingly, the order should be reversed insofar as appealed from, on the law, without costs, and the plaintiff's motion should be denied insofar as it was for the relief here in question. No questions of fact have been considered.

CHRIST, Acting P. J., RABIN, BENJAMIN and MUNDER, JJ., concur.

Order reversed insofar as appealed from, on the law, without costs; the first and second ordering paragraphs thereof, which grant said relief, are stricken therefrom; and motion denied insofar as it was for said relief. No questions of fact have been considered.