**Wallace P. AHO, Appellant,**

v.

**ERIE MINING COMPANY, Appellee.**

**No. 71–1306.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 12, 1972.

Decided Sept. 5, 1972.

Paul J. Louisell, Duluth, Minn., for appellant.

William P. O'Brien, Duluth, Minn., for appellee.

Before MATTHES, Chief Judge, BRIGHT, Circuit Judge, and WEBSTER,* District Judge.

WEBSTER, District Judge.

Wallace P. Aho, plaintiff below, appeals from the order of the trial judge granting summary judgment in favor of respondent-defendant Erie Mining Company, for lack of jurisdiction. Aho filed his F.E.L.A. action in the District of Minnesota, Fifth Division, relying solely upon the provisions of the act for jurisdiction.[1]

---

* Sitting by designation.

1. 45 U.S.C. §§ 51, 56.

Erie Mining Company ("Erie") is engaged in the business of mining taconite. In connection therewith, it operates a railroad transporting taconite pellets from Hoyta Lakes, Minnesota plant to its dock and shipping facilities at Taconite Harbor, Minnesota, a distance of 74–76 miles. The pellets are then shipped via lake carriers to ports in other states and then via other carriers to various steel mills. The material facts were undisputed and upon those facts the trial judge held that Erie was not operating as a common carrier at the time of Aho's injury on September 27, 1967, and hence was not subject to F.E.L.A., from which it followed that the court lacked jurisdiction over the subject matter.

The sole issue presented on appeal is whether Erie, in its operation of its railroad equipment, is a common carrier within the meaning of the Federal Employers' Liability Act. Briefly summarized, appellant contends that the railroad was an integral part of a transportation operation involving interstate carriers serving as customers the industries to which the pellets were ultimately delivered. Respondent contends that the company was not operating a common carrier because the road was used exclusively for its own purposes, no charges were made by reason of the transportation and it did not meet the definition of a common carrier who undertakes to carry for all people indifferently.

The Federal Employers' Liability Act imposes liability on a common carrier by railroad for damages suffered by its employees while so employed. 45 U.S.C. §§ 51–60. The statute defines common carrier as "persons or corporations charged with the duty of the management and operation of the business of a common carrier." 45 U.S.C. § 57. We must therefore turn to the common law for aid in determining whether that term may properly be applied to Erie.

In a number of cases cited by Judge Lord, the railroad operations of logging companies were held to be incident to their logging business and not incident to the business of a common carrier. Anderson v. Smith-Powers Logging Company, 71 Or. 276, 139 P. 736 (1914). See also, State ex rel. Silver Lake Railway & Lumber Company v. Public Service Commission of Washington, 117 Wash. 453, 201 P. 765, 203 P. 3 (1921); Grays Harbor Pacific Railway Company v. Grays Harbor County, 188 Wash. 484, 62 P.2d 1347 (1936); Dawkins Lumber Company v. L. Carpenter & Company, 213 Ky. 795, 281 S.W. 1013 (1926). See Annot.—Logging or Mining Road as Common Carrier—67 A.L.R. 588, 589.

Transportation by a coal company of its ore products from its mines to the river, for further shipment by vessel (as was done by Erie) was held to be a private rather than common carrier activity. Dayton Coal & Iron Company v. Dodd, 188 F. 597, 602 (6th Cir. 1911).

Both parties accept (and claim the benefits of) the test applied in Lone Star Steel Company v. McGee, 380 F.2d 640 (5th Cir. 1967), cert. denied 389 U.S. 977, 88 S.Ct. 480, 19 L.Ed.2d 471:

"First—actual performance of rail service, second—the service being performed is part of the total rail service contracted for by a member of the public, third—the entity is performing as part of a system of interstate rail transportation by virtue of common ownership between itself and a railroad or by a contractual relationship with a railroad, and hence such entity is deemed to be holding itself out to the public, and fourth—remuneration for the services performed is received in some manner, such as a fixed charge from a railroad or by a percent of the profits from a railroad." (At 647).

Appellant argues that the holding out test is not all inclusive—that a common carrier can limit what it handles to a particular line, citing Bouvier's Law Dictionary and 13 Am.Jur.2d Carriers § 2 Note 10; and that when Erie operated a railroad 76 miles outside its own enclave on its own tracks as a link in a chain of interstate commerce, albeit lim-

ited to its own products, it was acting as a common carrier.

It appears undisputed that the railroad carried only products for Erie or its contractors working on Erie installations; that the railroad was not regulated by the Interstate Commerce Commission; that the railroad performed no direct services for other industries or carriers; that the railroad neither holds itself out to the public as willing, nor is it licensed by any agency to act as a common carrier; and that the railroad makes no charge and posts no tariff for its operations or use of its equipment.[2]

"Summary judgment is proper where there is a question of law but no issue of facts. Grant of the motion is not precluded because the question of law is important, difficult or complicated. It is for the court to decide whether further development of the facts will assist it in making a correct determination of the question of law. Normally, where the only conflict is as to what legal conclusions should be drawn from the undisputed facts, a summary judgment should be entered." Barron and Holtzoff, (Rev. by Wright) "Federal Practice and Procedure" § 1234, pp. 127–128 [and cases cited therein].

In a well reasoned opinion, Judge Lord correctly concluded as a matter of law that Erie was not operating its railroad as a common carrier. There were no genuine issues of any material fact and Judge Lord properly entered summary judgment for lack of jurisdiction.

It may seem unfair—perhaps even unjust—that a railroad employee performing the same functions on a 76 mile track as his counterpart working on a common carrier line can be denied the protection under F.E.L.A. which such counterpart enjoys. This is, however, a legislative and not a judicial distinction. Congress chose to limit coverage (and hence jurisdiction) to employees of common carriers, and we are not at liberty

to expand such coverage beyond the common law standards contemplated and made applicable by Congress.

The judgment is affirmed.

2. We deem without merit appellant's argument that because it was necessary to move the product 76 miles the cost of such

transportation was necessarily included in the cost of the product even if not charged as a separate item.