**Curtis GREETHURST and Marjorie Greethurst, Plaintiffs,**

v.

**BETHLEHEM STEEL CORPORATION et al., Defendants.**

**No. 73 H 29.**

United States District Court,
N. D. Indiana,
Hammond Division.

March 22, 1974.

David L. Matthews, South Bend, Ind., for plaintiffs.

Owen Crumpacker, James J. Nagy, G. Edward McHie, Hammond, Ind., Harlan L. Hackbert and George W. Gessler, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

SHARP, District Judge.

The plaintiffs' complaint for damages was originally filed May 4, 1972. The second amended complaint for damages was filed by the plaintiffs against the above named defendants on June 14, 1973. That complaint asserts as its sole jurisdictional basis the Federal Employers Liability Act found at Title 45, United States Code, Sections 51–58.

All three defendants have filed their motions for summary judgment and will be considered on the schedule of proceedings indicated by the court at the pretrial conference on March 1, 1974 and is embodied in a pretrial conference memorandum entered on the same date.

There is one question common to all three defendants which can easily be decided in their favor. Rhetorical paragraph 9 of the second amended complaint for damages filed June 14, 17973 asserts:

> "That Plaintiff, Marjorie Greethurst is the spouse of the injured Plaintiff, Curtis Greethurst, and has suffered loss of consortium, comfort, society and maintenance, and will in the future."

The rule announced by the Supreme Court of Indiana in Troue v. Marker, 253 Ind. 284, 252 N.E.2d 800 (1969), is of no avail to the plaintiff,

Marjorie Greethurst, in this case. It is well established by both State Court decisions and Federal decisions interpreting the Federal Employers Liability Act that such act confers no claim for loss of consortium. See Jess v. Great Northern Railway Company, 401 F.2d 535 (9th Cir. 1968), and Spinola v. New York Central R.R., 33 A.D.2d 74, 305 N.Y.S.2d 437 (1969).

Therefore, summary judgment is granted in favor of all defendants as to the plaintiff, Marjorie Greethurst.

The court now takes up the motion for summary judgment filed by the defendant, Bethlehem Steel Corporation, on March 7, 1974. Said motion for summary judgment was supported by an extensive affidavit of Edward A. Lazzeri and by a twelve page memorandum of authority. The court has also considered the plaintiffs' Brief in Opposition to said motion for summary judgment.

It is generally indicated that the plaintiff, Curtis Greethurst, seeks recovery from the Bethlehem Steel Corporation, which is admittedly his employer, for personal injuries sustained on September 7, 1970 when a mold containing hot steel exploded and showered sparks and metal upon the locomotive cab in which he was working as an engineer. The explosion caused Mr. Greethurst to jump from the cab and he sustained injuries to his left heel and left knee. Greethurst commenced his employment with Bethlehem in January 1965. In 1969 Bethlehem formed a railroad department to serve the blast furnace-basic oxygen furnace area known as the hot metal area and Greethurst joined that department. After a brief period as a switchman Greethurst became an engineer on the plant locomotive owned by Bethlehem and held that job for about nine months prior to the accident. It is undisputed that Greethurst made an application against Bethlehem for compensation under the Indiana Workmens Compensation Act and such compensation was adjudicated between Greethurst and Bethlehem by the Industrial Board of Indiana pursuant to a form 12 agreement filed December 12, 1971.

The Federal Employers Liability Act creates a claim or cause of action where a claimant or plaintiff is an employee and the defendant is a "common carrier by railroad" while engaging in commerce between any of the several states or territories. The question therefore becomes whether or not Bethlehem is a "common carrier by railroad" as defined by the Federal Employers Liability Act.

There is a long line of decisions by this nation's highest court which indicates conclusively, as a matter of law, that Bethlehem is not such a "common carrier by railroad". See Wells Fargo & Co. v. Taylor, 254 U.S. 175, 41 S.Ct. 93, 65 L.Ed. 205 (1920), and Edwards v. Pacific Fruit Express Co., 390 U.S. 538, 88 S.Ct. 1239, 20 L.Ed.2d 112 (1968), citing and relying on Robinson v. Baltimore & Ohio Railroad Co., 237 U.S. 84, 35 S.Ct. 491, 59 L.Ed. 849 (1915). The facts, reasoning and result in the *Edwards* case are very closely aligned with the facts in this case. The Supreme Court of the United States unanimously held in *Edwards* that the Pacific Fruit Express Co. was not "a common carrier by railroad".

Below the Supreme Court level there are a great number of cases which lead to the same conclusion. See Kelly v. General Electric, 110 F.Supp. 4 (E.D. Pa.1953), affirmed 204 F.2d 692 (3rd Cir. 1953), cert. den. 346 U.S. 886, 74 S. Ct. 137, 98 L.Ed. 390 (1953). See also, Tilson v. Ford Motor Co., 130 F.Supp. 676 (S.D.Mich.1955); Duffy v. Armco Steel Corp., 225 F.Supp. 737 (W.D.Pa. 1964); and Aho v. Erie Mining Co., 466 F.2d 539 (8th Cir. 1972).

In the above cases Federal courts have decided the issue of applicability of the Federal Employers Liability Act to a plant railroad substantially identical to the one operated by Bethlehem in this case. These decisions demonstrate clearly that the plant railroad of Bethlehem in this case is not a "common carrier by railroad" within the

meaning of that act. For a decision of the State court to the same effect see Malvern Gravel Co. v. Mitchell, 238 Ark. 848, 385 S.W.2d 144 (1965), cert. den. 382 U.S. 828, 86 S.Ct. 64, 15 L.Ed.2d 73; Ciaccio v. New Orleans Public Belt Railroad, 285 F.Supp. 373 (E.D.La.1968). See also, McCrea v. Harris County Houston Ship Channel Navigation District, 423 F.2d 605 (5th Cir. 1907), cert. den. 400 U.S. 927, 91 S.Ct. 189, 27 L. Ed.2d 186 and Pickney v. Oro Dam Constructors, 441 F.2d 806 (9th Cir. 1971), cert. den., 404 U.S. 867, 92 S.Ct. 105, 30 L.Ed.2d 111.

On the issue discussed here the plaintiffs have cited and relied on Cimorelli v. New York Central Railroad Co., 148 F.2d 575 (6th Cir. 1945), and Erie Railroad Co. v. Margue, 23 F.2d 664 (6th Cir. 1928). These cases do not support the result the plaintiffs seek here. *Margue* involves the unsuccessful attempt by a railroad company to exclude certain employees from FELA coverage. Here, there is an attempt by an employee to transpose a non-railroad company into an FELA employer. *Cimorelli* involves the same basic facts. The balance of the cases cited by plaintiffs appear to deal with the question of involvement of interstate commerce rather than what constitutes a "common carrier by railroad".

This court will consider the plaintiffs' authorities on the loaned servant issue at a later time.

The above authorities demonstrate conclusively that the defendant, Bethlehem Steel Corporation, is entitled to a judgment as a matter of law. Therefore, the motion for summary judgment of the defendant, Bethlehem Steel Corporation, is hereby Granted.

The court desires to give further consideration to the motion for summary judgment filed by the defendant, Chicago, South Shore and South Bend Railroad, on March 1, 1974 and the motion for summary judgment filed by the defendant, Penn Central Transportation Company, on March 8, 1974. The court

requests that pursuant to the local rules of this court a brief or memorandum of authority be filed with the motion for summary judgment of Penn Central Transportation Company within ten days from this date. Thereafter, plaintiffs will be given ten days to respond to the same in accord with the schedule established March 1, 1974, after which this court will enter its ruling.