Leonard LIPITZ

v.

WASHINGTON NATIONAL INSUR-
ANCE CO. and Stanley Silverman

Civ. A. No. 80–2903.

United States District Court,
E. D. Pennsylvania.

March 23, 1981.

Kenneth S. Siegel, Philadelphia, Pa., for plaintiff.

Gordon W. Gerber, Philadelphia, Pa., for Washington Nat. Ins. Co.

Thomas H. Goldsmith, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the Court are defendant Washington National Insurance Company's motions to dismiss plaintiff's complaint and to dismiss the cross-claim of its codefendant on the grounds that both raise claims which are time-barred. For the reasons stated below, both motions will be denied.

Plaintiff brought this action to recover damages for the alleged negligence of defendants Washington National Insurance Company ("Washington National") and Stanley Silverman ("Silverman") in failing to provide plaintiff with health insurance for his daughter Meryl Lipitz. The complaint states the following well-pleaded facts: In October of 1973, plaintiff engaged Silverman to procure an insurance policy on his behalf which would cover medical expenses incurred by plaintiff or members of his family. Silverman obtained an application for medical insurance from Washington National, which he then completed and submitted to the insurance company. In the course of preparing the application, Silverman asked Washington National,

through its agents, whether Meryl Lipitz, who was 19 years old and a full-time college student, would be eligible for coverage. Washington National replied that she would not be eligible. Silverman told plaintiff that his daughter could not be covered and did not include her on the application. The policy was issued on December 7, 1973, covering only plaintiff, his wife and three of his four children.

Late in 1974, Meryl Lipitz developed a severe mental illness which required hospitalization and treatment from 1974 through 1976. In 1975, plaintiff submitted claims to Washington National to recover the costs of his daughter's treatment, but Washington National denied coverage.

The present action was filed on July 24, 1980. Plaintiff does not claim that he is entitled to recover under the policy. He claims instead that defendants were negligent in informing him that his daughter was ineligible for coverage when, in fact, she was. Plaintiff claims that the policy could have covered his daughter because it includes a provision stating that the policy's coverage extends to dependents of the named insured under 19 years of age "or under 23 years of age if enrolled as full-time students in a college or university." See Complaint, Ex. A, at 8. In his answer to plaintiff's complaint, Silverman included a cross-claim against Washington National, alleging that, since he only acted on the advice furnished him by Washington National, he was entitled to indemnity.

In support of its motion to dismiss the complaint, Washington National first argues that the plaintiff's action is barred by the applicable statute of limitations. While the parties agree that this action is governed by Pennsylvania's six-year limitation period applicable to actions not specifically addressed by any other statute of limitations, 42 Pa.Cons.Stat. § 5527(6), the parties disagree as to when the cause of action, if any, accrued.

■ Washington National contends that the cause of action accrued on December 7, 1973, when the policy was issued without covering Meryl Lipitz because the present action amounts to an action to reform the contract to provide coverage for Meryl Lipitz. Since plaintiff could have brought such an action at any time after the policy was issued on December 7, 1973, Washington National argues the Court should hold that the cause of action accrued on that date. The Court disagrees. Plaintiff alleges that the action of the defendants constitutes *negligence* and that this negligence caused injury to the plaintiff. It is well settled that a cause of action for negligence does not accrue until the plaintiff suffers injury. *See Misitis v. Steel City Piping Co.*, 441 Pa. 339, 272 A.2d 883, 884 n.1 (1971) (*dictum*); *Foley v. Pittsburgh-Des Moines Co.*, 363 Pa. 1, 68 A.2d 517, 535 (1949). In the present case, the injuries plaintiff suffered are the out-of-pocket costs incurred in the treatment of his daughter which he claims would have been recoverable under the policy but for the defendants' negligence. Plaintiff did not suffer these injuries until Meryl Lipitz began to suffer from the illness and receive treatment "late in 1974." Since the action was filed in July of 1980, the action is not time-barred.

■ Washington National also contends, however, that the plaintiff's action is barred by a policy provision requiring that suits on the policy be brought within three years of the date of loss. Washington National attempts to convince the Court that, even though plaintiff proceeds in negligence, his claim is really an action on the policy because plaintiff seeks to recover as damages what he would have recovered had his daughter been included on the policy (which she was not); since the plaintiff must be considered as seeking recovery on the policy, the action should have been brought, as required by the terms of the policy, within three years of the date of loss (which it was not). The Court cannot agree. As the Court has already stated, plaintiff does not seek to recover benefits allegedly due under the policy but, rather, seeks to recover damages for defendants' alleged negligence. Thus, the plaintiff can-

not be bound by a provision in the policy.[1] The Court holds, therefore, that plaintiff's action is not barred by the policy's three-year limitation period.

Washington National's motion to dismiss Silverman's cross-claim as time-barred must also be denied. Silverman's cross-claim is merely a claim for indemnity should Silverman be held liable for the alleged injuries suffered by plaintiff. Therefore, Silverman's cause of action accrued no earlier than plaintiff's. Since the Court has already determined that plaintiff's action is not time-barred, the Court must also hold that Silverman's cross-claim is likewise timely. An appropriate Order will be entered.

---

1. At one point in Gilbert & Sullivan's *The Mikado*, Ko-ko, the Lord High Executioner, who is under orders from the Emperor of Japan to execute *somebody*, reports to the Emperor that an execution has taken place and describes it in vivid detail. Later, when it becomes apparent that the person reportedly executed was in fact the Emperor's son, Ko-ko declares that no execution took place and attempts to explain how he can now openly so declare when he had just elaborately reported otherwise:

It's like this: when your Majesty says, "Let a thing be done," it's as good as done—practically, it *is* done—because your Majesty's will is law. Your Majesty says, "Kill a gentleman," and a gentleman is told off to be killed. Consequently that gentleman is as good as dead—practically he *is* dead—and if he is dead, why not say so?

W. Gilbert, *The Mikado*, act II in 3 Original Plays 215 (1903).

Washington National's argument is strikingly similar.